No. ——

### First Circuit

---

## NAVAL STORES EQUIPMENT COMPANY, LTD., v. ILLINOIS CENTRAL R. R. CO.

---

(February 15, 1928. Opinion and Decree)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Automobiles—Par. 5, 7.**

One who attempts to rush across a railroad in an automobile without first looking for trains approaching is guilty of contributory negligence which defeats his recovery for damages done by the resulting collision with a box-car slowly backing over the crossing.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Naval Stores Equipment Company, Ltd., against Illinois Central Railroad Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. S. Burns, of Ponchatoula, attorney for plaintiff, appellant.

Carrol Buck, of Amite, attorney for defendant, appellee.

MOUTON, J.    An automobile belonging to plaintiff company, driven by H. A. Forbes, collided with a car of defendant company at a crossing on Thomas Street in the city of Hammond.    The auto was wrecked.    This suit is for its value.    The demand was rejected.    Plaintiff appeals.

Thomas Street runs through Hammond, east and west, across the tracks of defendant company, which run north and south through the city.    Forbes was coming from the west side of the tracks and, as he was about clearing the crossing going east, his auto was struck by a box car of defendant company, and was demolished.    Lights were burning on both sides of the tracks along Thomas Street at the time, 12:30 at night, and on top of the box car with which the auto collided there was a lantern in the hands of a flagman.    Smythe, a witness in the case, says he was also coming from the west side to make the crossing, but that he saw this railroad car or train about one hundred feet down the track moving towards the crossing.    As he was standing there, Forbes passed north of him, and as he was about negotiating the crossing, his auto was struck by the railroad car, and smashed.    He says Forbes was traveling at a speed of about fifteen miles an hour when he passed him.    Meyers, a police officer of Hammond, was, at the time, on Thomas Street, but on the east side of the crossing.    He also saw Forbes coming from the west towards the crossing, and says he was traveling at twenty-five or thirty miles an hour.    He saw when the crash occurred, and says Forbes did not stop at the crossing.    These are disinterested witnesses, and no doubt have given a correct narrative of what occurred. If Forbes had been exercising ordinary prudence or caution, it is evident that he could have seen the box car moving towards that crossing as it had been seen by Smythe who stopped in time on the west side of the tracks.    He could certainly have seen that car in the lights that were shining in Thomas Street on each side of the tracks, or the lantern that was in the hands of the flagman on top of that boxcar, and fully in time to have avoided the collision.    A good deal of evidence was introduced to show that shooting of guns, skyrockets and other fireworks was going on when this accident happened on January 1st, 1926.    The purpose of that character of evidence was to establish the fact that the atmosphere had become smoky as the result of these gunpowder explosions, and had, in consequence, obscured the vision of Forbes, who was driving the car, and also that of the engineer who was backing this railroad car over the crossing; that because of this smoky condition of the atmosphere, the danger to travelers over the crossing had correspondingly increased, and, under the circumstances, called for increased and unusual attention on the part of the engineer.    It is shown that his train was moving at about five miles an hour, that the engineer had a flagman on the box car with a lantern, constantly on the lookout; that this flagman, upon seeing Forbes' car dashing over the crossing, immediately gave the engineer the proper signals, and that the engineer immediately applied his brakes which were in good con-

dition, but that it was then too late, and the accident was then simply unavoidable. The defendant company met all the requirements of the situation, and no more could be asked of it. If the air was murky from the effects of smoke caused by the celebration of the New Year which it is claimed was going on in Hammond, and that this condition affected or obscured Forbes' sight, it is reasonable to say that he was required, on account of this increased danger, to exercise all the care demanded by the occasion before venturing over the crossing. Instead of being circumspect, he attempted to rush across, and met with the disaster of which plaintiff, owner of the wrecked auto, complains. The accident was the result of Forbes' own fault, and plaintiff is not entitled to recover.